a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME RICHARDSON #607967,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00592<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| JEREMY WILEY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint filed by pro se Plaintiff Jerome Richardson ("Richardson"). Richardson is an inmate at the David Wade Correctional Center in Homer, Louisiana. He alleges that his constitutional rights were violated by Warden Jeremy Wiley at Catahoula Correctional Center ("CCC").

Because additional information is needed to support his claim, Richardson must AMEND the Complaint.

I.  Background

Richardson alleges that he was stabbed in the eye while incarcerated at CCC. In an attachment to his Complaint, Richardson asserts that CCC has "failed to take corrective actions in response to high rates of assaults or particular patterns of assaults at the hands of other prisoners/pretrial detainees." ECF No. 1-2 at 1.

II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is

1

entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted).

A supervisory official such as Warden Wiley cannot be held liable under 42 U.S.C. § 1983 unless he affirmatively participated in the acts that caused the constitutional deprivation or implemented an unconstitutional policy that causally result in the constitutional injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

Additionally, to state a constitutional claim for failure to protect, a plaintiff must allege that prison officials were deliberately indifferent to his need for protection. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994). A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.* In other words, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

Richardson names Warden Wiley as the sole Defendant, but he does not allege that Warden Wiley had any personal knowledge of or involvement in the assault. Nor does Richardson allege that Warden Wiley implemented an unconstitutional policy that resulted in Richardson's injury.

Richardson must amend his Complaint to provide, if applicable, factual allegations that Warden Wiley affirmatively participated in the assault or implemented an unconstitutional policy that causally resulted in the assault. Richardson must also explain how Warden Wiley was aware that Richardson faced a substantial risk of harm by the assailant and disregarded that risk.

### III. Conclusion

Because Wiley must provide additional information to support his claims, IT IS ORDERED that he AMEND the Complaint within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Tuesday, July 30, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE