a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME RICHARDSON #607967,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00592<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| JEREMY WILEY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint filed by pro se Plaintiff Jerome Richardson ("Richardson"). Richardson is an inmate at the David Wade Correctional Center in Homer, Louisiana. He alleges that his constitutional rights were violated by Warden Jeremy Wiley at Catahoula Correctional Center ("CCC").

Because Richardson fails to state a viable claim against Warden Wiley, the Complaint should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Richardson alleges that he was stabbed in the eye on January 6, 2024, while he was incarcerated at CCC. In an attachment to his Complaint, Richardson asserts that CCC has "failed to take corrective actions in response to high rates of assaults or particular patterns of assaults at the hands of other prisoners/pretrial detainees." ECF No. 1-2 at 1.

Richardson was ordered to amend his Complaint to provide any factual allegations that Warden Wiley affirmatively participated in the assault or

1

implemented an unconstitutional policy that causally resulted in the assault. ECF No. 13. Richardson responded that Warden Wiley "knew or should've known" that housing pretrial detainees with convicted inmates has the potential to be harmful or violative of the Constitution. ECF No. 15 at 2.

II. <u>Law and Analysis</u>

    A. <u>Richardson's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.</u>

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Richardson's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

    B. <u>Richardson fails to state a viable claim against Warden Wiley.</u>

A supervisory official such as Warden Wiley cannot be held liable under § 1983 unless he affirmatively participated in the acts that caused the constitutional deprivation or implemented an unconstitutional policy that causally result in the constitutional injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

To state a viable constitutional claim for the failure to protect, a plaintiff must allege that a defendant was deliberately indifferent to his need for protection. *Hare*

*v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).  A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994).  A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.*

Richardson alleges that Warden Wiley is liable for housing pretrial detainees with convicted inmates.  First, Richardson does not allege whether he and the assailant were pretrial detainees or convicted inmates at the time of the attack.  Regardless, it is not per se unconstitutional to house a pretrial detainee with a convicted inmate.  *See Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981); *Truehill v. Lafourche Par.*, 21-cv-1842, 2022 WL 2921228, at *8 (E.D. La. 2022), *report and recommendation adopted*, 2022 WL 2918308 (E.D. La. 2022) (no "hard and fast rule" prohibiting the housing of pretrial and convicted inmates together).  Richardson has not identified an unconstitutional policy.  *Id.*

Even if Richardson should not have been housed with his assailant, he has not alleged that the housing or classification was based on deliberate indifference.  He does not claim that Warden Wiley had knowledge of a substantial risk of harm to Richardson based on his classification.  Deliberate indifference describes a state of mind "more blameworthy than negligence."  There must be "more than ordinary lack of due care for the prisoner's interests or safety." *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

3

Nor does Richardson allege that Warden Wiley had any personal involvement in the assault or knowledge that Richardson faced any specific risk of harm. The correct legal standard is whether a defendant had actual knowledge of a substantial risk that a plaintiff would be and responded with deliberate indifference, not whether the jail officers "knew or should have known" of the risk. *See Farmer*, 511 U.S. at 837; *Hare v. City of Corinth, MS.*, 74 F.3d 633, 650 (5th Cir. 1996) (correct legal standard not whether jail officials "knew or should have known" but whether they had actual knowledge and responded with deliberate indifference).

### III. Conclusion

Because Richardson does not state a viable claim against Warden Wiley, IT IS RECOMMENDED that the Complaint and Amended Complaints (ECF Nos. 1, 10, 15) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, November 6, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE